# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv42

| | |
|---|---|
| ARTHUR SNOZNIK; and BETSY SNOZNIK, ) ) ) | |
| Plaintiff, ) ) | |
| Vs. ) ) | ORDER |
| JELD-WEN, INC., ) ) | |
| Defendant. ) ) | |

**THIS MATTER** is before the court on the defendant's Motion to Bifurcate both discovery and trial, creating a two-phase lawsuit in which only liability would be addressed through an initial trial, and then discovery would recommence and a second trial be had on damages. Review of the pleadings in this matter reveals that this is a products liability action, wherein plaintiffs contend that they sustained personal injuries and suffered loss of consortium after the male plaintiff fell through a second floor window. Plaintiff contends that his injuries were caused by the negligent manufacture and design of the window, and/or the defendant's failure to warn. Defendant contends that the accident was not attributable to their window and that this action may well be resolved on the issue of liability. In the motion,

defendant seeks bifurcation of both discovery and trial. The undersigned will address both issues, and address the motion to bifurcate discovery with prejudice and the issue of bifurcation of trial without prejudice.

While there is no rule governing the bifurcation of discovery, c.f. Fed.R.Civ.P. 26(d)(2),bifurcation of trial is governed by Rule 42(b), Federal Rules of Civil Procedure. Rule 42(b) provides as follows:

> **Separate Trials.**
> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or thirdparty claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed.R.Civ.P. 42(b). As the language of Rule 42(b) indicates, bifurcation is discretionary and the court should consider factors such as: (1) convenience; (2) avoidance of prejudice; (3) expediency; and (4) economy. See Layman v. Alexander, 343 F.Supp.2d 483, 495 (W.D.N.C. 2004).

In moving to bifurcate, defendant has argued that bifurcation would avoid the prejudice that could ensue from the same jury hearing evidence as to liability and as to damages. Defendant cites a Harvard University study indicating that even juries that are instructed to cull evidence of liability from issues of damages fail to follow such instructions. While this court certainly respects the opinions of legal experts, the court is well aware that the plaintiff's and defendant's bar are well equipped to

commission studies providing fodder on any number of issues. The federal rule making process, however, is more deliberate and this court is constrained to give greater weight to the rules promulgated by the Supreme Court as well as to the court's own experience.

What defendant is arguing here is that juries are simply incapable, statistically, of following instructions and that the time-tested method of submitting all the evidence to one jury in a personal injury suit should be abandoned. A constant in Rule 42 has been the preservation of a person's right under the seventh amendment to a right to have his claims tried by a jury. The tradition under the seventh amendment has been, for the last 220 years, for the same jury to determine liability and damages. Such a tradition – nay a right – should not be so quickly abandoned, as the last phrase of Rule 42(b) advises. The undersigned, respectfully, could not disagree more with the study cited by defendant. Having practiced law for nearly 30 years as a trial lawyer before taking the bench, the undersigned's experience has been that juries – especially in federal court – come to court willing and prepared to work, take their duty seriously, and strive to apply the instructions of the court. While the verdict may not always have been that the undersigned may have sought as an advocate, the determination of juries were invariably just. While one might properly argue that a products liability action is more complex than an ordinary personal injury

case, the undersigned respectfully fails to see a significant distinction. Indeed, the same jury venire that will be drawn for the trial of this matter in March 2010 may well be called upon to determine the guilt or innocence of multiple defendants in complex multi-defendant drug conspiracies or may be asked to determine civil liability in any number of complex multi-million dollar mortgage fraud cases involving hundreds of plaintiffs, all of which are now pending before this court.

In a similar case, Lokai v. Mac Tools, inc., 2007 WL 1666025 (S.D.Ohio 2007),[1] the plaintiff was severely injured when a wrench, manufactured by the defendant, failed while in use and blinded the plaintiff in one eye. Defendant moved to bifurcate, and the district court reasoned as follows in denying the request:

> Defendants argue that bifurcation is necessary in this case to prevent unnecessary confusion of the issues and prejudice to defendants, and to promote judicial expedition and economy. Plaintiff contends that defendants' arguments are conclusory, and that this is otherwise not the kind of exceptional case that would warrant bifurcation.
> Defendants characterize this case as complex and potentially confusing to the jury. The Court disagrees. This is a typical products liability action which will go to trial on two claims: defective manufacture and negligent failure to warn. It is anticipated that each side will call only one expert on liability. Defendants also acknowledge that plaintiff's damages are "straightforward." Although determining the credibility of experts is challenging to any jury, it cannot fairly be said that this case is either complex or confusing.

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

> Defendants also argue that they will be prejudiced by having the jury determine both liability and damages because the jury may determine liability on the basis of sympathy arising from the presentation of evidence on damages. The Court, however, will instruct the jury not to consider damages unless liability is established, and will also instruct the jury not to decide this case on the basis of sympathy. There is no reason to believe that the jury will disregard these instructions, and the Court finds defendants' fear of unfair prejudice to be unfounded.
>
> Lastly, defendants maintain that bifurcation will serve the interests of expedition and economy. The Court fails to see how this can be so. For example, two trials would require the Court to conduct similar voir dire examinations twice. Twice as many citizens would be required to take the time to travel to the Court to participate in jury selection. Standard preliminary and final jury instructions would also be given in both trials. Morever, as plaintiff points out, some witnesses may have to testify at both trials. The Court finds that the interests of expedition and economy would be served best by a single trial. For all the above reasons, the Court will deny defendants' motion to bifurcate.

Id., WL 1666025, at 6-7.  Such reasoning appears equally applicable to this action.

While defendant has also argued the efficiency and economy of bifurcating discovery and trial, defendant has failed to show the court that consolidated discovery and trial would work an unbearable financial hardship.  While the court is not privy to any financial information concerning this defendant, the court takes judicial notice that defendant is well known as a major manufacturer of windows and can deduce therefrom that it would be in a superior financial position to that of plaintiffs and their counsel in bearing the costs of litigation.

As to the remaining factors of convenience and expediency, the court can not

see how bifurcation of this action would result in greater convenience or expediency to the parties, the public, or the courts. Plaintiff estimates that the entire trial can be accomplished within five-to-eight days, which would be a reasonable time for a personal injury or products liability suit involving contested liability, lost earnings, personal injuries, and a life care plan. If two juries were summonsed and two panels selected, the court estimates that the time spent in court could nearly double. In the process, the court would have inconvenienced twice the number of jurors. While there are certainly cases that warrant bifurcation, after close review this case does not rise to the level of complexity that would require two juries to separately consider evidence on liability and then evidence on damages.

Having considered convenience, avoidance of prejudice, expediency, and economy, the undersigned will respectfully deny the motion to bifurcate discovery with prejudice and the motion to bifurcate trial without prejudice. This will allow the parties to raise that issue *de novo* with the district court in the form of a motion in limine to bifurcate trial at the final pretrial conference.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Bifurcate (#9) is **DENIED** with prejudice as to bifurcation of discovery and is **DENIED** without

prejudice as to trial. A party may file a motion in limine (at the time specified in the Pretrial Order) for bifurcation of trial for *de novo* consideration by the district court at the Final Pretrial Conference.

Signed: April 1, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge